IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
OLD FAYETTEVILLE DIVISION
NO. 3:94-CR-65-BO-12
NO. 5:12-CV-15-BO

| | | |
|---|---|---|
| WILLIAM DAVID WILSON,<br>Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA,<br>Respondent. | ) | |

This matter is before the Court on Petitioner's Motion to Vacate Under 28 U.S.C. § 2255 [DE 521]. Respondent filed a Motion to Dismiss [DE 532] and Petitioner responded through counsel on March 19, 2012 [DE 534]. He filed an additional pro se response on March 30, 2012 [DE 535]. Petitioner also filed a Motion to Stay and Hold in Abeyance his 2255 Motion [DE 523]. For the following reasons, Plaintiff's Motion to Vacate [DE 521] is GRANTED, Respondent's Motion [DE 532] is DENIED, and Petitioner's Motion to Stay [DE 523] is DENIED AS MOOT. Therefore, Petitioner's sentence is VACATED and this matter will be SET FOR RESENTENCING by separate notice.

## BACKGROUND

On September 13, 1994, the Grand Jury charged Petitioner William David Wilson and others in a thirteen-count indictment that alleged that he and others engaged in a continuing criminal enterprise, drug trafficking, and using and carrying firearms [DE 13]. The indictment charged Mr. Wilson in Count Two with conspiring to possess with intent to distribute cocaine base, in violation of 21 U.S.C. § 846, and in Count Six with using a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924 (c)(1).

On December 5, 1994, Mr. Wilson pleaded not guilty. On March 28, 1995, a jury was empaneled and selected. Two days later, it returned guilty verdicts on both counts [DE 100]. On June 20, 1995, the Court sentenced Mr. Wilson to 300 months of imprisonment on Count Two and 60 months of imprisonment on Count Six, to be served consecutively [DE 120]. The Court of Appeals for the Fourth Circuit affirmed [DE 211, 212]. Mr. Wilson has filed two prior motions to vacate his conviction under 28 U.S.C. § 2255 [DE 242, 380]. Neither of them raised the issues relevant to the instant petition.

Now before the Court is Petitioner's 1992 state conviction for driving while licensed revoked, which gave him an additional criminal history point in his federal criminal case, changed his criminal history category, and increased his guideline range. On March 9, 2011, the Cumberland County District Court entered an order including factual findings that Mr. Wilson was not present at the time of the conduct for which he received the 1992 conviction and that Jermaine Strange, the actual offender, gave Mr. Wilson's name and information instead of his own. As a result, Mr. Wilson's conviction was vacated on the basis of his actual innocence.

Shortly thereafter, on March 21, 2011, Mr. Wilson filed an application under 28 U.S.C. § 2244 for authorization to file a successive habeas petition on the basis of this newly overturned conviction. The Fourth Circuit denied the motion without explanation [CADE 5]. On January 10, 2012, Petitioner filed the instant petition in this Court. Because the petition is not, in fact, second or successive, the Court entertains its merits.[1]

---

[1]The Court interprets the court of appeals' denial of Mr. Wilson's motion [CADE 5] to have been because it was unnecessarily filed, and not because it raised issues already encompassed within the scope of Mr. Wilson's previous 2255 petition. *See In re Williams*, 444 F.3d 233, 236-37 (4th Cir. 2006) ("it is settled law that not every numerically second [§ 2255 motion] is a 'second or successive' [motion] within the meaning of the [Antiterrorism and Effective Death Penalty Act of 1996]"); *United States v. Person*, 436 F. App'x 278, at *1 (4th Cir. Jun. 29, 2011) (per curiam).

DISCUSSION

## I. Mr. Wilson's Motion Was Timely Filed

A petition under 28 U.S.C. § 2255 is timely filed within one year of the latest of the following dates: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f). In this case, the facts supporting Mr. Williams' claim could not have ripened until the Cumberland County District Court entered its order of March 9, 2011. Mr. Williams filed his motion within a year of that date. Although the United States argues that Mr. Williams failed to act diligently after he received Mr. Strange's affidavit, the relevant date for calculating the timeliness of this petition is, at the earliest, the date on which the Cumberland County District Court entered its order. *See Johnson v. United States*, 544 U.S. 295, 308 (2005); *United States v. Gadsen*, 332 F.3d 224, 227 (4th Cir. 2003). Before that time, Mr. Williams could not have utilized the fact of his overturned conviction to support his claim in this court. Further, the Court finds that Mr. Wilson's nine-month process in navigating the state court system to obtain the order after he received Mr. Strange's affidavit demonstrated his diligence in seeking vacatur of his convictions. *See Johnson*, 544 U.S. at 310 n.8. Because he filed this petition within one year of the Cumberland County District Court order, the Court finds that the petition is timely filed.

**II. Mr. Wilson's Vacated State Court Conviction Renders His Federal Sentence Unlawful**

Mr. Wilson was sentenced based on a presentence report that indicated four criminal history points. As a result, he was sentenced based on a criminal history category III, yielding a range of 292 to 365 months.[2] Without the additional criminal history point attached to the 1992 driving while license revoked conviction, Mr. Wilson asserts that he would have been sentenced with three points, as a criminal history category II. His new guideline range would be 262-327 months. Sentence enhancements based on previous convictions should be reconsidered if those convictions are later vacated and the federal sentence is therefore rendered unlawful. *United States v. Pettiford*, 612 F.3d 270, 276 (4th Cir. 2010) (citing *Gadsen*, 332 F.3d at 228). Here, the parties do not dispute that Mr. Wilson did not commit the 1992 offense. Because he has clearly shown that he did not commit the crime on which the calculation of his sentence was based and because that fact renders his federal sentence unlawful, Mr. Wilson is entitled to relief. *Pettiford*, 612 F.3d at 276 (citing *United States v. Maybeck*, 23 F.3d 888, 892-94 (4th Cir. 1994).

The Fourth Circuit has held that a district court must begin its analysis at sentencing by calculating a defendant's prescribed guideline range. *United States v. Hughes*, 401 F.3d 540, 546 (4th Cir. 2005). Next, it must consider that range and other relevant factors in section 3553(a) before imposing the sentence. *Id.* Although Mr. Wilson's 300-month sentence fell within both sentencing guideline ranges, the selection of his guideline range was aggravated by the fact of his underlying state conviction. *See Pettiford*, 612 F.3d at 283 n.11. The fact that Mr. Wilson was sentenced at the low end of his then-mandatory guideline range and the fact that his guideline range has now changed as a result of his actual innocence of the underlying state conviction

---

[2]Mr. Wilson was sentenced at a time when the United States Sentencing Guidelines were applied as mandatory.

renders the sentence unlawful. *See United States v. Hadden*, 475 F.3d 652, 661 (4th Cir. 2007). By contrast to the defendant in *Pettiford*, Mr. Wilson's state court conviction was vacated as a result of his actual innocence, not because of an error in the proceedings. *See Pettiford*, 612 F.3d at 274 (noting that Pettiford's state court convictions had been vacated because the court had imposed an invalid period of incarceration as a period of probation). Like the defendant in *Maybeck*, Mr. Wilson's "sentence was therefore erroneously enhanced by a[]...conviction that he simply did not have." *Pettiford*, 612 F.3d at 284. Therefore, his sentence was improper and unlawful. As noted by the court of appeals in *Gadsen*, "[i]t would be an illogical, if not cruel, gesture for the Supreme Court to invite prisoners to attack their predicate convictions and then inform them that their efforts must go for naught and their enhanced sentences must stand." *Gadsen*, 332 F.3d at 228 (internal citation omitted). Therefore, Mr. Wilson must be resentenced in light of his new applicable guideline range.

CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Vacate [DE 521] is GRANTED, Respondent's Motion [DE 532] is DENIED, and Petitioner's Motion to Stay [DE 523] is DENIED AS MOOT. Therefore, Petitioner's sentence is VACATED and this matter will be SET FOR RESENTENCING by separate notice.

SO ORDERED, this the 20 day of April, 2012.

Terrence W. Boyle
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE